1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLOTTE DOZIER,

11        Plaintiff,                        CIV-S-03-1453 GGH

12   vs.

13   MICHAEL J. ASTRUE,[1]
     Commissioner of
14   Social Security,                      ORDER

15        Defendant.

16   _____/

17        Counsel's motion for attorney's fees, filed November 15, 2006, is pending before

18   the court.  Defendant filed on December 6, 2006 a response expressing no opinion, but

19   submitting points for the court's assistance.  Counsel requests attorney's fees in the amount of

20   $10,587.25.  The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to

21   proceed before a magistrate judge).

22        Counsel realizes that she has filed this motion belatedly, and then some.  She

23   claims that the motion was timely prepared in August 2005 (the time at which the Commissioner

24   _____

25        [1]  Michael J. Astrue became Commissioner on February 12, 2007.  Accordingly, he should
     be substituted as defendant in this suit.  Fed. R. Civ. P. 25(d)(1).  No further action need be taken
26   by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

1  announced the award and the amount to be withheld for attorneys' fees, but inadvertently not

2  filed until late 2006).  As a "sort of" excuse, she claims that the scheduling of attorneys' fees

3  motions was not set forth in the scheduling order.

4          The undersigned has never seen an initial scheduling order in this district attempt

5  to schedule a motion for attorneys' fees, and event the need for which is unknowable at the time

6  of the scheduling order's issuance.  The timing of attorneys' fees motions is covered by Fed. R.

7  Civ. P. 54 and Local Rule 54-293.  However, the filing of 42 U.S.C. § 406(b) motions for

8  attorneys' fees presents special complications.  Both the Federal Rules and the Local Rules time

9  the motions from the date judgment is entered.  However, a successful plaintiff in a judgment in

10  a Social Security case can only achieve an indefinite verdict, i.e., at best, the matter must be

11  remanded to the Commissioner for a calculation of benefits.  Because the amount of attorneys'

12  fees is keyed to the ultimate, gross benefits number calculated on remand, it would make no

13  sense to make a motion for attorneys' fees immediately after a remand judgment as such a

14  motion would always have to be held in abeyance, in some cases up to a year.  There is no rule

15  which specifically governs the Social Security § 406(b) situation.

16          Given the lack of a governing rule, and the lack of objection by the plaintiff who

17  was served with the request, the court will assess the request for attorneys' fees on the merits.

18          Attorneys are entitled to fees for cases in which they successfully have represented

19  social security claimants:

20          Whenever a court renders a judgment favorable to a claimant under
            this subchapter who was represented before the court by an
21          attorney, the court may determine and allow as part of its judgment
            a reasonable fee for such representation, not in excess of 25 percent
22          of the total of the past-due benefits to which the claimant is entitled
            by reason of such judgment, and the Commissioner of Social
23          Security may, notwithstanding the provisions of section 405(i) of
            this title, certify the amount of such fee for payment to such
24          attorney out of, and not in addition to, the amount of such past-due
            benefits.

25

26  42 U.S.C. § 406(b)(1).

2

1         Rather than being paid by the government, fees under the Social Security Act are

2    awarded out of the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th

3    Cir. 1991).  The Commissioner has standing to challenge the fee award.  Craig v. Secretary,

4    Dept. of Health & Human Serv., 864 F.2d 324, 328 (4th Cir. 1989).  The goal is to provide

5    adequate incentive for representing claimants while ensuring that the usually meager disability

6    benefits received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

7         The 25 percent statutory maximum fee is not automatic.  The court also must

8    ensure that the fee request is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct.

9    1817, 1828 (2002) (reversing downward adjustment of attorney's fees based on lodestar

10   calculation).  The Gisbrecht court suggested that the claimant's lawyer should submit a record of

11   hours spent and a statement of the lawyer's normal hourly billing charge to assist the court in

12   concluding that the fee sought is reasonable.  Id.  The character of the representation (including

13   matters such as attorney caused delay), or the nature of the results achieved might, in a proper

14   case, justify downward adjustment from the statutory maximum fee.  Id.

15        Counsel has attached to his motion a letter from the Commissioner advising

16   plaintiff that the Social Security Administration is withholding 25% of plaintiff's past due

17   benefits, or $10,587.25 to pay attorney's fees.  Plaintiff's Exhibit 2.  Counsel requests a fee in the

18   amount of $10,587.25.  Counsel has submitted a copy of a standard social security case 25%

19   contingency fee arrangement, together with a statement documenting 31.20 hours expended on

20   matters before this court.  The court finds the amount of hours expended to be reasonable.  The

21   requested  fee divided by the hours expended constitutes an hourly billing rate of approximately

22   $339.33/hour.  While the hourly rate yielded is substantial, the court finds $10,587.25 to be a

23   reasonable fee in light of the contingency arrangement between plaintiff and her counsel, the

24   hours expended, the quality of counsel's representation, the results achieved, and an offset for

25   already awarded EAJA fees.

26   \\\\\

1           Accordingly, counsel's request for attorney's fees in the amount of $10,587.25 is

2    GRANTED.  Counsel has previously been awarded EAJA fees in the amount of $3,800.  The

3    Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her

4    withheld benefits.  Counsel shall reimburse plaintiff in the amount of $3,800 which shall not be

5    deducted from plaintiff's past due benefits.

6    DATED: 5/16/07

                        /s/ Gregory G. Hollows

7    _____

                        GREGORY G. HOLLOWS

8                            UNITED STATES MAGISTRATE JUDGE

9    GGH:076
    Dozier1453.fee.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26